**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1467
_____

ZEFFREY RODRIGUES, individually and as parent of ZENA RODRIGUES,
a student with a disability; and ZENA RODRIGUES,
Appellants

v.

FORT LEE BOARD OF EDUCATION;
NEW JERSEY OFFICE OF ADMINISTRATIVE LAW
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-5736)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2011
Before:  JORDAN, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 9, 2011 )
_____

OPINION
_____

PER CURIAM

Pro se appellants Zeffrey and Zena Rodrigues appeal the District Court's order

granting the Fort Lee Board of Education ("the Board") judgment on the administrative

record.  For the reasons discussed below, we will affirm the District Court's judgment.

The claims at issue in this case arise primarily under the Individuals with Disabilities in Education Act (IDEA), which ensures that children with disabilities have access to a free appropriate public education (FAPE). See 20 U.S.C. § 1412(a)(1). As part of their obligation to provide a FAPE, school districts receiving federal funding must design and implement an Individualized Education Plan (IEP) for each student with a disability. See 20 U.S.C. § 1414(d)(2)(A).

Zena, who is now 23 years old, has been diagnosed with cerebral palsy, which affects her fine motor skills and speech. During the period relevant to this case, she attended the Fort Lee High School. Pursuant to her IEPs, during her 11th and 12th grade years, Zena was "mainstreamed," meaning that she attended general-education classes. In those classes, Zena received certain accommodations, including a one-to-one aide, speech-language services, a laptop computer with voice-recognition software, and extended time to complete examinations. Zena also took a course entitled "study skills," which provided additional instruction to special-education students.

In 2006, Zena and her father filed a petition with New Jersey's Office of Administrative Law, seeking two years of compensatory education in a residential facility on the ground that Zena had been denied a FAPE throughout the 11th and 12th grades. In 2008, an Administrative Law Judge (ALJ) issued a 157-page opinion and order denying the Rodrigueses' claim. The ALJ concluded that, while the Board had committed certain procedural violations in developing Zena's IEP, those violations had not affected Zena's substantive right to receive a FAPE.

2

The Rodrigueses filed a complaint in the District Court challenging the ALJ's decision. Subsequently, the Rodrigueses sought to amend their complaint to include a 42 U.S.C. § 1983 claim averring that the Office of Administrative Law had violated their rights under the Fourteenth Amendment in adjudicating their action. The District Court, approving a magistrate judge's report and recommendation, concluded that the proposed amendment would be futile and thus denied leave to amend. The Court further granted judgment on the administrative record to the Board. The Court agreed with the ALJ's analysis in all relevant respects. The Rodrigueses then filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order denying the Rodrigueses leave to amend for abuse of discretion. See Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010). In an IDEA lawsuit, a district court exercises modified de novo review over state administrative proceedings. C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 65 (3d Cir. 2010). Under this standard, factual findings from the administrative proceedings are to be considered "prima facie correct." Lauren W. v. DeFlaminis, 480 F.3d 259, 266 (3d Cir. 2007). We exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. Id. Issues concerning whether the Board fulfilled its FAPE obligations are questions of fact. P.P. v. W. Chester Area Sch. Dist., 585 F.3d 727, 734-35 (3d Cir. 2009).

The Rodrigueses devote the majority of their brief to arguing that the Office of

Administrative Law violated their Fourteenth Amendment rights. However, they fail to acknowledge that the District Court denied their request to amend their complaint to include this claim. We conclude that the District Court did not abuse its discretion in so holding. The Office of Administrative Law is a state agency, see generally N.J. Stat. Ann. § 52:14F-1, and is thus immune from suit under the Eleventh Amendment, see Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F. 3d 310, 323 (3d Cir. 2002). Section 1983 does not abrogate states' immunity. Quern v. Jordan, 440 U. S. 332, 340-41 (1979). While New Jersey has waived its Eleventh Amendment immunity for purposes of suits under the IDEA, see A.W. v. Jersey City Pub. Sch., 341 F.3d 234, 250 (3d Cir. 2003), this waiver does not extend to a Fourteenth Amendment claim brought under § 1983, see Bd. of Educ. v. Schutz, 290 F.3d 476, 480 (2d Cir. 2002).

The Rodrigueses also raise several claims under the IDEA. First, they contend that the team that designed Zena's IEP was deficiently constituted because it did not include an expert in cerebral palsy. However, 20 U.S.C. § 1414(d)(1)(B) provides a list of those individuals who must participate in designing an IEP; an expert on the child's specific disability is not required. See R.P. v. Prescott Unified Sch. Dist., 631 F.3d 1117, 1122 (9th Cir. 2011). Therefore, we will affirm the District Court's denial of this claim.

Next, the Rodrigueses complain that Zena's 11th-grade IEP and certain parts of her 12th grade IEP lacked objectively measurable goals. The Board has acknowledged that it erred in this respect, see § 1414(d)(1)(A)(II); however, this amounts to a procedural error. See Adam J. v. Keller Indep. Sch. Dist., 328 F.3d 804, 811-12 (5th Cir.

4

2003). Therefore, to be entitled to the compensatory education that they seek, the Rodrigueses must show that the procedural inadequacy "(I) impeded the child's right to a free appropriate public education; (II) significantly impeded the parents' opportunity to participate in the decisionmaking process regarding the provision of a free appropriate public education to the parents' child; or (III) caused a deprivation of educational benefits." § 1415(f)(3)(E)(ii); see also Garcia v. Bd. of Educ., 520 F.3d 1116, 1125 (10th Cir. 2008) (explaining that "an award of compensatory education vindicates the student's substantive right to receive a FAPE and compensates for a past deprivation of educational opportunity rather than a deprivation of purely procedural rights").

We discern no error in the District Court's conclusion that this flaw in the IEP did not affect Zena's or her parents' substantive rights. See Kathleen H. v. Mass. Dep't of Educ., 154 F.3d 8, 14 (1st Cir. 1998) (reviewing this determination for clear error). As the District Court explained, because Zena was mainstreamed, the Board was able to measure her progress based on her grades (which were high) and her performance on the New Jersey High School Proficiency Assessment (which she passed). See Bd. of Educ. v. Rowley, 458 U.S. 176, 202-03 (1982) (recognizing that when "a child is being educated in the regular classrooms of a public school system, the system itself monitors the educational progress of the child. . . . The grading and advancement system thus constitutes an important factor in determining educational benefit."). These conclusions were confirmed by Zena's strong performance at Riverview School, a private school she attended during the summer after her senior year. In light of the assistance that the Board

5

provided to Zena and the evidence that her education was successful, which is set forth in greater detail in the ALJ's decision, we conclude that the District Court did not err in holding that this procedural flaw did not impinge upon Zena's substantive rights.

The Rodrigueses also contend that the IEPs did not contain an adequate description of the transition services that Zena would be offered to bridge the gap between high school and her post-school activities. See 20 U.S.C. § 1414(d)(1)(A)(i)(VIII). A failure in this regard also constitutes a procedural violation. See Bd. of Educ. v. Ross, 486 F.3d 267, 276 (7th Cir. 2007). It is not clear whether the IEPs' statements of transition services were actually deficient. Both IEPs correctly noted that Zena wished to attend college and set forth the academic requirements for that path, and the senior-year IEP included a detailed checklist designed to assist her transition out of school. Moreover, the Board provided the Rodrigueses with extensive information about agencies that could further assist with Zena's transition. In these circumstances, even assuming that the information provided in the IEP was imperfect, we agree with the District Court that Zena was not deprived of any educational opportunity. See id.

Finally, the Rodrigueses briefly mention other purported deficiencies in the IEPs. Their failure to develop these arguments is a sufficient ground for deeming any such claims waived. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court" (internal quotation marks omitted)). In any event, we perceive no error in the

6

District Court's resolution of the Rodrigueses' claims.

Accordingly, we will affirm the District Court's judgment.